**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**LEON DANIELS,**

    **Plaintiff,**

**v.**                                   **Case No: 8:09-CV-1151-T-33AEP**

**CITY OF TAMPA,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the *pro se* Plaintiff's **Affidavit of Indigency**, which the Court construes as a motion for leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. (Dkt. No. 2.) The Court previously recommended dismissal of the Complaint for failure to state a claim and directed Plaintiff to file an Amended Complaint in compliance with the Federal Rules of Civil Procedure. (Dkt. No. 3.) Subsequent to the Report and Recommendation, but prior to the Court entering an Order on the Report and Recommendation, Plaintiff filed an Amended Complaint (Dkt. No. 4). Because Plaintiff's Amended Complaint (Dkt. No. 4) was similarly deficient, the undersigned recommended dismissal of the Amended Complaint, providing Plaintiff with an opportunity to file a second amended complaint. (Dkt. No. 7.) In addition, Plaintiff was warned that any failure to cure the deficiencies in a second amended complaint, would result in a recommendation for dismissal thereof pursuant to 28 U.S.C. § 1915.

Prior to the Court entering an Order on this second Report and Recommendation, Plaintiff filed a document titled "Second Amended Complaint, and Motion for Leave to Proceed In Forma Pauperis, and Request to File for Addition [*sic*] Time for the Plaintiff to Present His Case." (Dkt. No. 9.)[1] The Court found this document to be simply a motion for an extension of time to file the Second Amended Complaint and granted Plaintiff thirty (30) additional days up to and including December 9, 2009, to file his Second Amended Complaint. (Dkt. No. 10.) On December 9, 2009, Plaintiff filed his Second Amended Complaint. On December 15, 2009, Plaintiff filed a Supplement to the Second Amended Complaint to include "documents for Evidence."[2] (Dkt. No. 12.)

In the Second Amended Complaint, Plaintiff no longer asserts a claim under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. against Defendant, the City of Tampa ("City"). However, for the first time Plaintiff alleges a cause of action under the Rehabilitation Act of 1973, 29 U.S.C. § 794, et seq. against the City. He also continues to allege that the City failed to comply with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., by illegally terminating him on the basis of his disability as well as claims under "various

---

[1] This same document was filed both as the Second Amended Complaint at Dkt. No. 8 and as a Motion for Leave to Proceed *In Forma Pauperis* and Motion for Additional Time at Dkt. No. 9. Pursuant to the District Judge's Order, Dkt. No. 8 was stricken and the docket entry for Dkt. No. 9 was changed to reflect that the document was a Motion for Extension of Time to File a Second Amended Complaint. (*See* Dkt. No. 10.)

[2] These documents consist of Plaintiff's Right to Sue Letter from the EEOC, a letter from the City of Tampa confirming that Plaintiff worked there from 10/14/1981 to 9/30/1983 and from 4/21/1986 to 3/18/2005, a Certificate of Completion dated 11/15/2006, of the Goodwill's Out Patient Treatment Program, and the Notice of Disciplinary Action from the City of Tampa, dated 3/4/2005.

whistleblower statutes"[3] for winning "two previous cases involving the City of Tampa . . . as it shows . . . a predisposition towards discrimination towards his person." (Dkt. No. 11 at 4.)

Section 504 of the Rehabilitation Act states that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). The standard for determining liability under the Rehabilitation Act is the same as that under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"); thus, "cases involving the ADA are precedent for those involving the Rehabilitation Act." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (*citing Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000) and 29 U.S.C. § 794(d)). To establish a prima facie case of discrimination under both the Rehabilitation Act and the ADA, an individual must show that he: (1) has a disability; (2) is otherwise qualified for the position; and (3) was subjected to unlawful discrimination as the result of his disability. *Sutton v. Lader*, 185 F.3d 1203, 1207-08 (11th Cir.1999); *Reed v. Heil Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000).

The term "individual with a disability" expressly excludes "an individual who is currently engaging in the illegal use of drugs" under both the ADA and the Rehabilitation Act. *See* 42 U.S.C. § 12210(a); 29 U.S.C. § 705(20)(C)(i). However, both the ADA and the Rehabilitation Act provide a "safe harbor" for individuals who are "ha[ve] successfully completed a supervised drug rehabilitation program and [are] no longer engaging in the illegal use of drugs." 42 U.S.C.

---

[3] As in the original Complaint and Amended Complaint, Plaintiff still fails to identify which "various whistleblower statutes" were violated.

3

§ 12210(b)(1); 29 U.S.C. § 705(20)(C)(ii)(I). Both statutes have an exception to this "safe harbor" provision which states that "it shall not be a violation . . . for a covered entity to adopt or administer reasonable policies or procedures, including but not limited to drug testing, designed to ensure that an individual . . . is no longer engaging in the illegal use of drugs." 42 U.S.C. § 12210(b); 29 U.S.C. § 705(20)(C)(ii). Thus, while "recovering addicts, free of current drug use, are protected from discriminatory acts because of their disability, one who . . . continues to use illegal drugs loses the protections granted by Congress." *Tracy P. v. Sarasota County*, No. 8:05-cv-927-T-27 EAJ, 2007 WL 951740, at * 5 (M.D. Fla. Mar. 28, 2007).

Plaintiff's Notice of Disciplinary Action indicates that Plaintiff tested positive for drugs or alcohol during a random drug test at his place of employment on March 11, 1998. (*See* Dkt. No. 12.) On March 23, 1998, Plaintiff was referred to the Employee Assistance Program and enrolled in the Substance Abuse program. (*Id*.) On February 17, 2005, Plaintiff was involved in a vehicle accident and was required to undergo a post-accident drug/alcohol test. Plaintiff tested positive for cocaine and was subsequently dismissed.[4] (*Id*.) Thus, the record here demonstrates that Plaintiff was "currently engag[ed] in the illegal use of drugs" at the time the adverse employment action was taken. (*See* Dkt. No. 12.) Accordingly, Plaintiff cannot establish that he was an "individual with disability" under the APA or the Rehabilitation Act on March 18, 2005, when his employment was terminated. *See Tracy*, 2007 WL 951740, at * 5 (finding the plaintiff not protected under the ADA in light of his contemporaneous drug use because "current

---

[4] While Plaintiff does not assert the reason for his termination in the Second Amended Complaint, he states that he was "terminated for a medical problem, specifically for addiction to a controlled substance, specifically cocaine" in his Amended Complaint (Dkt. No. 4 ¶ 10.a.).

4

drug users are not protected and whether a plaintiff alleges that he was discriminated against because he had a record of drug addiction or was perceived as being a drug addict is irrelevant, if he was currently abusing drugs or alcohol"); *U.S. v. S. Mgmt. Corp.*, 955 F.2d 914, 921 (4th Cir. 1992) ("Individuals who have been perceived as being a drug user or an addict are covered under the definition of handicap if they can demonstrate that they are being regarded as having an impairment and *that they are not currently using an illegal drug*.") (emphasis added).

Accordingly, Plaintiff's Second Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal citations omitted) (stating that "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.")

While courts are directed to construe *pro se* complaints more liberally than formal pleadings drafted by lawyers, *Hughes v Rowe*, 449 U.S. 5, 9 (1980), the Second Amended Complaint (Dkt. No. 11) does not meet the standards required under the Federal Rules of Civil Procedure or 28 U.S.C. § 1915.

For the foregoing reasons, the Court recommends that Plaintiff's Second Amended Complaint (Dkt. No. 11) be **DISMISSED** and that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. No. 2) be **DENIED.**

**IT IS SO REPORTED** at Tampa, Florida on this 12th day of April, 2010.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:
Hon. Virginia M. Hernandez Covington
Plaintiff, *pro se*